UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KALVIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| COOK COUNTY SHERIFF THOMAS DART, | ) | |
| COOK COUNTY, | ) | |
| JOHN DOES 1 - 5, | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago.

5. On July 19, 2012, Plaintiff was 17 years old.

6. John Does 1-5 are currently unnamed and unknown Cook County Sheriff officers.

7. At all times relevant to this Complaint, John Does 1-5 (hereinafter Defendant-Officers) were duly appointed and sworn officers for the Cook County Sheriff.

8. At all times relevant to this Complaint, Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

9. Defendant Sheriff Thomas Dart is the employer and principal of the Defendant-Officers.

10. Defendant Sheriff Thomas Dart is sued in his official capacity and for the purposes of discovery of the identity of the Defendant-Officer John Does.

## Facts

11. On or about July 19, 2012, Kalvin Williams appeared in Cook County Juvenile Court.

12. After appearing before the judge, Plaintiff was brought back to the holding area in the custody of the Defendant-Officers.

13. Plaintiff was in handcuffs at the time.

14. While in handcuffs and in the custody of the Defendant-Officers, one or more of the Defendant-Officers attacked Plaintiff and struck him in the face.

15. Plaintiff did not assault, batter or resist the Defendant-Officers.

16. Defendant-Officers' use of force was unreasonable and excessive.

17. A supervising officer arrived and took pictures of Plaintiff's injuries.

18. Plaintiff was taken to Stroger Hospital for treatment of his injuries.

19. Plaintiff's medical treatment included stitches in his lip.

20. Defendant-Officers and other unknown Cook County officers made out false and incomplete reports and gave a false and incomplete version of the event to other officers investigating the incident in order to cover up their own misconduct.

21. Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

22. Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

23. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

24. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiff suffered damages including physical pain and suffering, emotional distress, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

25. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

26. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

27. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

28. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Cook County is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant Cook County to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for Plaintiff*

/s/ Amanda S. Yarusso
*Counsel for Plaintiff*

Lawrence V. Jackowiak
Amanda S. Yarusso
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595